UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00238-6-F
No. 5:12-CV-00509-F

| | |
|---|---|
| BRANDON GREENWOOD, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-236] Brandon Greenwood's pending Motion to Vacate, Set Aside or Correct his conviction and sentence [DE-225], pursuant to 28 U.S.C. § 2255. Greenwood's pro se motion, supported by his counsel's Memorandum in support thereof [DE-229], seeks relief from his conviction and sentence on Count Twelve. He contends that he is not guilty of having been a felon in possession of a firearm as charged in Count Twelve, under 18 U.S.C. § 922(g), in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

Greenwood entered a plea of guilty to that count as well as Count One charging conspiracy to knowingly and intentionally distribute and possess with the intent to distribute five hundred (500) grams or more of a mixture of a mixture or substance containing a detectable amount of methamphetamine, on December 7, 2010, *see* Plea Agreement [DE-131]. He was sentenced on July 8, 2011, to a term of 300 months on Count One, and 120 months on Count Two to be served concurrently, followed by a five-year term of supervised release and a

$14,500.00 fine. *See* Judgment [DE-16].[1] Greenwood's projected release date is November 27, 2031.

In its Memorandum [DE-235 & DE- 237][2] opposing relief herein, the Government alleges Greenwood waived any right to collateral review, failed to state a claim under § 2255, and filed his § 2255 motion after expiration of the applicable limitations period. To support its position, the Government argued, *inter alia*, as follows:

> The Government acknowledges that is [sic] has consented to relief for defendants in a certain narrow category of cases where the prisoner is being held solely due to an increased statutory sentencing range that would not have applied to the prisoner post-Simmons. Here, although Petitioner would no longer qualify for a conviction under 18 U.S.C. § 922(g), he is also serving a concurrent 300 month sentence on Count One, which was unaffected by his conviction on Count Twelve. He would not have a shorter sentence absent the conviction on Count Twelve. The concurrent sentence doctrine makes it unnecessary to consider the maximum term that could have been imposed for a conviction that does not augment the total punishment.

Memorandum [DE-235 & DE-237], p. 4 (citation omitted). Greenwood's motion is not just about "the maximum term" of imprisonment, and the concurrent sentence doctrine is inapplicable here. See United States v. Hill, 859 F.2d 325, 326 (4th Cir. 1988) (refusing Government's invitation to apply the "concurrent sentence doctrine," because "the doctrine presupposes one conviction that is valid and one that has not been passed upon, not one valid and one invalid conviction as here").

The Government's position fails to acknowledge the sort of collateral consequences that gave rise to the Supreme Court's rulings in Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473

---

[1] While the court declined to depart upwardly from Greenwood's advisory guideline range of 292 to 395 months, and, in fact, allowed the Government's § 5K1.1 motion, the court specifically commented on Greenwood's very violent history and opined that Greenwood did not deserve the same level of § 5K1.1 consideration as his co-defendants.

[2] The Government filed the same Memorandum twice – once in response to Greenwood's § 2255 motion, and again in support of its own Motion to Dismiss [DE-236].

2

(2010) and, more particularly, Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (2010), which in turn necessitated the Fourth Circuit's en banc Simmons ruling. Greenwood's conviction and ten-year concurrent sentence for being a "felon in possession of a firearm" resulted from far more than a district court's miscalculation of an advisory Guideline sentencing range.

In its discretion, and because the Government acknowledges that Greenwood "would no longer qualify for a conviction under 18 U.S.C. § 922(g)," the court deems that the best interests of justice require that Greenwood be afforded relief from a conviction of which he is actually innocent. That is, Greenwood was not, at the time of the offense underlying this case, a "felon" – as that term properly is interpreted by both Supreme Court and by the Fourth Circuit Court of Appeals in Simmons – subject to being charged, convicted or sentenced under § 922(g). Accordingly, Greenwood's § 2255 motion is ALLOWED, and his conviction and 120-month concurrent sentence as to Count Twelve, are VACATED. The Government's Motion to Dismiss [DE-236] is DENIED as moot.

Nothing in this order affects the validity of Greenwood's 300-month sentence as to his drug conspiracy conviction under Count One. Except as otherwise ordered herein, the terms of Greenwood's Judgment [DE-183] are RATIFIED. **This order is limited to its specific facts and should neither be cited nor considered, either as controlling or persuasive, with regard to any other case.**

SO ORDERED.

This, the 19th day of November, 2012.

JAMES C. FOX
Senior United States District Judge

3